IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIO PEREZ | § | |
| | § | |
| v. | § | C.A. NO. C-11-133 |
| | § | |
| RICK THALER[1] | § | |

## OPINION ORDERING TRANSFER OF ACTION

This is a habeas petition filed by a state inmate pursuant to 28 U.S.C. § 2254. Petitioner is being held at the McConnell Unit, which is located in Beeville, Texas.[2]

Petitioner is challenging his conviction and sentence in the 399th Judicial District Court in Bexar County, Texas for three counts of aggravated robbery. (D.E. 3, at 2). In Ground One, he alleges that he was denied his right to the counsel of his choice in violation of the Sixth Amendment. (D.E. 1, at 6). He maintains that an evidentiary hearing is necessary to expand the record and resolve factual disputes. (D.E. 3, at 2).

A habeas action may be filed either in the district where the petitioner is in custody, or in the district in which the petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 960-61 (5th Cir. 2000). Within the context of § 2241(d), courts have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the State conviction and sentence were imposed, while challenges to

---

[1] As Director of the Texas Department of Criminal Justice - Correctional Institutions Division, Rick Thaler is the proper respondent in this habeas action. Braden v. 30th Judicial Cir. Ct of Ky., 410 U.S. 484, 494-95 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974) (per curiam); West v. Louisiana, 478 F.2d 1026, 1029 n.1 (5th Cir. 1973) (citing Wales); see also Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

[2] On May 11, 2011, petitioner consented to proceed before a magistrate judge. (D.E. 7). On May 18, 2011, the Court reassigned this action. (D.E. 8).

the implementation of the sentence, such as prison disciplinary matters, should be considered in the district court for the district where such person is in custody. Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991). The Fifth Circuit has explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses.... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was convicted and sentenced by a state court in Bexar County, Texas, which is in the San Antonio Division of the Western District of Texas. See 28 U.S.C. § 124(d)(4). A district court for the district wherein an application for habeas corpus has been filed may, in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district for disposition. See 28 U.S.C. § 2241(d). Should an evidentiary hearing ever be necessary in this case, as requested by petitioner, evidence and witnesses relevant to his criminal proceedings are more likely to be found in the county where his conviction was entered.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Western District of Texas, San Antonio Division.

ORDERED this 23rd day of May 2011.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE